## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Paul D.T.M.                                     Case No. 20-CV-546 (JRT/ECW)

                Petitioner,

      v.                              **REPORT AND RECOMMENDATION**

William Barr,
U.S. Attorney General, et al.,

                Respondents.

This matter is before the Court on Petitioner Paul D.T.M.'s ("Petitioner") Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Dkt. 1.) The case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, the Court recommends that the Petition be dismissed.

## I.    BACKGROUND

Petitioner is a native of the United Kingdom and a citizen of the United Kingdom. (Dkt. 12-1 at 5 ¶ 2.)[1] Petitioner has been found to have twice violated orders of protection by engaging in conduct that involved credible threats of violence, repeated harassment, or bodily injury. (Dkt. 12 ¶¶ 7-8; Dkt. 12-1 at 52, 68.) Petitioner was taken into custody pursuant to a Warrant for Arrest of Alien on July 29, 2019 and served with a

---

[1]    All page numbers refer to the CM/ECF pagination unless otherwise indicated.

Notice to Appear in removal proceedings.  (Dkt. 12 ¶ 9; Dkt. 12-1 at 6.)  Petitioner has been detained by immigration officials since July 29, 2019.  (*Id.*; *see also* Dkt. 9 at 2.)

On October 18, 2019, an Immigration Judge found Petitioner removable under 8 U.S.C. § 1227(a)(2)(A)(ii) for conviction of "two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct" and ordered Petitioner removed from the United States.  (Dkt. 12 ¶ 10; Dkt. 12-1 at 84-98.)  On November 5, 2019, Petitioner filed a timely direct appeal to the Board of Immigration Appeals ("BIA").  (Dkt. 12 ¶ 11; Dkt. 12-1 at 100.)

On February 14, 2020, the BIA affirmed the Immigration Judge's removal order. (Dkt. 12 ¶ 12; Dkt. 12-1 at 102.)

On February 18, 2020, Petitioner filed the present Petition alleging that his continued detention is in violation of his right to Due Process under the Fifth Amendment on the basis that he had been held for an unreasonable amount of time under 8 U.S.C. § 1226(c), and that categorical denial of bail to certain aliens is a violation of the Eighth Amendment's prohibition on excessive bail.  (Dkt. 1 at 6-8.)

On March 10, 2020, Immigration and Customs Enforcement ("ICE") agents completed a travel document request for Petitioner from the Embassy of Ireland.  (Dkt. 12 ¶ 15.)  On March 24, 2020 a Warrant of Removal/Deportation was issued for Petitioner and his removal was scheduled for March 31, 2020.  (Dkt. 12 ¶¶ 16-17.)  Based on an assessment of Petitioner's risk to the traveling public, ICE policy requires two escorting officers to accompany him back to Ireland.  (Dkt. 12 ¶ 17.)

In light of the COVID-19 global pandemic and associated travel restrictions, Petitioner's removal was cancelled. (*Id.*) Respondents represent that the current pandemic is the only reason for postponement of Petitioner's removal and that if travel restrictions remain an impediment to removal after the 90-day removal period, ICE will conduct a formal review of Petitioner's custody pursuant to 8 C.F.R. 241.4. (Dkt. 12 ¶¶ 18-19.) The 90-day removal period expired on May 14, 2020. Respondents have not represented to the Court as of the date of this Report and Recommendation that a formal review has yet been conducted.

## II.   DISCUSSION

### A.   Petitioner's Challenge to Detention Under § 1226(c) is Moot.

Respondents contend in their May 8, 2020 supplemental response (Dkt. 9) that the Petition for release from detention under 8 U.S.C. § 1226(c) is moot given that a February 14, 2020 decision by the BIA resulted in an administratively final order of removal. (Dkt. 9 at 5.) Respondents claim that at the time the Petition was filed, Petitioner was detained under 8 U.S.C. § 1231(a)(2) while immigration officials determined whether he could be removed to Ireland within the 90-day removal period. (Dkt. 9 at 5-6.) Respondents argue that any challenge to Petitioner's detention under Section 1231(a)(2) is premature and should be dismissed. (Dkt. 9 at 5-6.)

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)) (citing U.S. Const. art. III, § 2, cl. 1). "When, during the course of litigation, the issues

presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Id*. (quoting *Haden*, 212 F.3d at 469). When a case becomes moot, a federal court cannot "address the merits because any opinion [the court] would issue would be merely advisory." *In re Search Warrants Issued in Connection with Investigation of S. Cent. Career Ctr., W. Plains, Mo.* ("In re Search Warrants"), 487 F.3d 1190, 1192 (8th Cir. 2007) (citing *Haden*, 212 F.3d at 469).

At the time Petitioner filed this § 2241 Petition, the BIA had already affirmed the Immigration Judge's removal order.[2] An order for removal becomes administratively final "upon dismissal of an appeal by the Board of Immigration Appeals." *See* 8 C.F.R. § 1241.1(a). After an administratively final removal order, an alien's detention status shifts from pre-final-order detention, governed by § 1226(c), to post-final-order detention, governed by § 1231(a)(2). *See* 8 U.S.C. § 1231(a)(1)(B)(i); *see also Patrick H. v. Sec'y of Dep't of Homeland Sec.*, No. 18-CV-1841 (NEB/HB), 2018 WL 6791936, at *2 (D. Minn. Nov. 6, 2018), *R.&R. adopted*, 2018 WL 6791067 (D. Minn. Dec. 26, 2018). Because § 1226(c) no longer controls, the Court recommends dismissal of the Petitioner's challenge to his pre-final-order detention as moot. *See Ali v. Sessions*, No. 18-2671 (DSD/ LIB), 2019 WL 5420785, at *2 (D. Minn. Oct. 23, 2019).

---

[2]    The Court does not know whether Petitioner was aware of the BIA's final decision at the time he filed the current Petition. Regardless of what Petitioner knew at the time of filing, any request for relief under § 1226(c) is moot given the BIA's final order of removal.

That said, a court should not dismiss a habeas petition as moot if any of the following exceptions apply:

> (1) Secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Ahmed v. Sessions*, No. 16-CV-02124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)), *R.&R. adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017).  None of those mootness exceptions apply here.  The collateral-injuries exception does not apply when such injuries are a result of the final order of removal, not the prolonged detention itself.  *See Ahmed*, 2017 WL 3267738, at *2.  As to "a wrong capable of repetition yet evading review," that "exception applies if the matter is too short in duration to be fully litigated before it ends or expires and there is a reasonable expectation that [Petitioner] will be subjected to the same action again."  *In re Search Warrants*, 487 F.3d at 1193.  Here, there is nothing remaining to litigate in this case and Petitioner is not likely to be held pending a final order for removal again.  *See Quezada v. Hendricks*, 821 F. Supp. 2d 702, 708 (D.N.J. 2011) ("Because Quezada is no longer detained under § 1226(c), and his case does not satisfy the 'capable of repetition yet evading review' exception to mootness, this Court is constrained to grant the government's motion to dismiss the case as moot.").  The voluntary cessation exception does not apply because ICE did not cease in its attempt to seek a final removal order, rather it obtained such an order and continues to pursue

Petitioner's removal. *See Ahmed*, 2017 WL 3267738, at *2. Finally, the Petition was brought on behalf of the individual Petitioner, not on behalf of a class of individuals. *See id.* Accordingly, the Court recommends dismissal of the Petition as moot.

**B.     Petitioner's Challenge to Detention Under § 1231 is Premature.**

To the extent that the Petition is construed as seeking relief from post-final-order detention under § 1231, it is premature. Post-final-order detention is mandatory during a 90-day removal period. *See* 8 U.S.C. § 1231(a)(2); *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001). If removal is not effectuated within the 90-day removal period, the government may continue to detain certain classes of aliens, including those removable under § 1227(a)(2), past the initial 90-day removal period. *See* 8 U.S.C. §1231(a)(6). The Supreme Court clarified in *Zadvydas* that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future" and that detention of up to 6 months after a final removal order has been issued is presumptively reasonable. *Id.* at 701.

Petitioner was ordered removed under § 1227(a)(2)(A)(ii) for committing two or more crimes of moral turpitude and is therefore subject to § 1231(a)(6), allowing for continued detention beyond the mandatory 90-day removal period. Petitioner's removal order became administratively final on February 14, 2020. (Dkt. 12 ¶ 12; Dkt. 12-1 at 102.) At the time of filing, Petitioner was within the 90-day mandatory detention period and is not now near the end of the six-month *Zadvydas* period, making any challenge to the length of his post-final-order detention premature. *See Inemo S. C. v. Department of Homeland Security*, No. 19-CV-2881 (PJS/ LIB), 2020 WL 2765108 at *2 (D. Minn.

May 28, 2020) (dismissing habeas petition filed before the end of 90-day removal period as premature)[3]; *Gael A.O. v. DHS/ ICE Office of Chief Counsel*, No. 18-CV-3269 (WMW/ TNL), 2019 WL 3325839, at *3-4 (D. Minn. May 13, 2019) (dismissing habeas petition filed before the end of the 6-month *Zadvydas* period as premature), *R&R adopted*, 2019 WL 3322920 (D. Minn. July 24, 2019).  The Court therefore recommends dismissal of the Petition to the extent it seeks relief based on § 1231.

C.    **Categorical Denial of Bail to Certain Classes of Aliens is Constitutional.**

The Eighth Amendment of the United States Constitution prohibits excessive bail. U.S. Const. amend. XIII.  Petitioner claims that "categorical denial of bail to certain non-citizens violates the right to bail encompassed by the Eighth Amendment."  (Dkt. 1 at 8). In *Carlson v. Landon*, the Supreme Court found that:

> "[T]he bail clause was lifted with slight changes from the English Bill of Rights Act. In England that clause has never been though to accord a right to bail in all cases, but merely to provide that bail shall not be excessive in those cases where it is proper to grant bail."

342 U.S. 542, 545 (1952).

---

[3]    The *Inemo* court noted that *Zadvydas* "did not announce a blanket rule that a six-month period of pre-removal detention is presumptively reasonable in every case." *Inemo*, 2020 WL 2765108 at *2.  *Zadvydas* applies to aliens subject to § 1231(a)(6), which applies only to aliens who are removable under § 1227(a)(1)(C), § 1227(a)(2), or § 1227(a)(4) or those who the Attorney General has determined to be a risk to the community or unlikely to comply with the order of removal.  *See Zadvydas*, 533 U.S. at 688-89.  Because Petitioner is removable under § 1227(a)(2), he may be detained beyond the initial 90-day removal period pursuant to § 1231(a)(6) and therefore the *Zadvydas* ruling applies to him.

The Supreme Court went on to note that the "Eighth Amendment has not prevented Congress from defining the classes of cases in which bail shall be allowed in this country." *Id.* at 545. The Supreme Court later clarified that "the only arguable substantive limitation of the Bail Clause is that the Government's proposed conditions of release or detention not be excessive." *United States v. Salerno*, 481 U.S. 739, 754 (1987) (internal quotations omitted).

Petitioner's claim that categorical denial of bail is unconstitutional is meritless. As the Supreme Court stated in *Carlson* "the very language of the Amendment fails to say all arrests must be bailable." *Carlson*, 342 U.S. at 546. The Court therefore recommends dismissal of the Petition to the extent it is based on this Eighth Amendment argument.

## III.    RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1.    Petitioner Paul D.T.M.'s Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1) be **DENIED AS MOOT**.

2.    This case be **DISMISSED WITHOUT PREJUDICE**.


DATED: July 2, 2020                    *s/Elizabeth Cowan Wright*
                                       ELIZABETH COWAN WRIGHT
                                       United States Magistrate Judge

8

## **NOTICE**

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).